Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ÁNGEL LUIS ROSADO ARROYO<br><br>Recurrente<br><br>v.<br><br>COOPERATIVA DE AHORRO Y CRÉDITO DE ARECIBO<br><br>Recurrido | KLRA202400027 | Revisión Judicial Procedente de<br><br>Caso Núm.:<br>Q-22-283-013<br><br>Sobre:<br>Saldo de préstamo |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2024.

El 19 de enero de 2024, el Sr. Ángel Luis Rosado Arroyo (en adelante, señor Rosado o el peticionario) sometió ante este Tribunal de Apelaciones por derecho propio un *Recurso de revisión administrativa*.[1] En este, señaló la comisión de los siguientes cuatro (4) errores:

1. La denegación de COOPACA a varias solicitudes a través de mi persona por la Sra. Miriam Montalvo Matos, mi compañera conse[n]sual por más de 30 años, socia de COOPACA.

2. Falta de COOPACA de un proceso uniforme para atender casos de socios, hospitalizados, encamados o impedidos a presentarse a hacer alguna gestión en las sucursales.

3. La falta de notificación de acciones ejecutadas en las cuentas de los socios.

4. Desviar **cuál es el propósito real de mi querella**, que es señalar el acto de saldar el préstamo, cuando ya había COOPACA denegado en (3) tres instancia[s] las solicitudes de saldar el préstamo y se depositara el balance restante en la cuenta de ahorro de mi compañera y estuviera disponible ante una eventualidad por su condición de salud.

Luego de así señalar, el señor Rosado expuso una serie de sucesos que datan del 18 de octubre de 2021 y señaló que desde esa fecha ha estado

---

[1] Ese día, también presentó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*.

Número Identificador

SEN2024 _____

realizando gestiones con COOPACA en todos los niveles, denunciando la situación y solicitando que se investigue, más todo el mundo hizo caso omiso. Apunta que no es **hasta que decidió radicar una querella** ante la Corporación Pública para la Supervisión y Seguro de las Cooperativas de Puerto Rico (en adelante, COSSEC) que todo cambió.

En su relato, el peticionario manifiesta que lleva años denunciando las acciones de COOPACA y reclama que el récord demuestra que se violó el proceso del saldo del préstamo y el manejo de la situación. Ante ello, nos solicita que aceptemos revisar **la decisión administrativa de la Junta de Directores de COSSEC**; le ordenemos llevar a cabo una investigación en cuanto al proceso para el saldo de préstamos de su fallecida compañera consensual y que impongamos las sanciones a quienes ocultaron la verdad de los hechos.

Atendido el recurso, el 29 de enero de 2024, emitimos *Resolución* ordenándole al peticionario diez (10) días para someter copia de la decisión que señala emitió COSSEC al atender la Querella número Q-22-283-013 a la que hizo referencia en su recurso.[2] Por no haber comparecido dentro del plazo brindado, el 21 de febrero de 2024, emitimos *Sentencia* mediante la que desestimamos el recurso. El 8 de marzo del año en curso, el señor Rosado sometió *Moción en cumplimiento* y *Moción pidiendo disculpas.* Allí, explicó que no se había percatado- por entender que cualquier notificación de este Tribunal llegaría por correo regular- que la *Resolución* que emitimos le fue notificada por correo electrónico. Así, tras disculparse por tal inobservancia, sometió copia del *Informe del Oficial Examinador* en el caso Núm. Q-22-283-013 ante COSEEC y de las resoluciones dictadas el 25 de septiembre de 2023 y 19 de diciembre de 2023.

---

[2] El dictamen fue notificado el 30 de enero de 2024, por lo que la aplicación más beneficiosa de Regla 68 de Procedimiento Civil, 32 LPRA Ap. V, R. 68 en favor del señor Rosado establece que el término para someter el documento ordenado venció el **13 de febrero de 2024**.

El 14 de marzo del año en curso, acogimos los escritos presentados el 8 de marzo por el señor Rosado Arroyo, como una solicitud de reconsideración, declarando la misma ha lugar. Por tal razón, dejamos sin efecto la *Sentencia* dictada en el caso el 21 de febrero de 2024 y así resuelto, luego de estudiar cuidadosamente los documentos producidos por el peticionario, tal cual nos autoriza a hacer nuestro Reglamento, prescindimos de la comparecencia de las partes y procedemos a resolver.[3]

II

-*A*-

La competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq*. A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. 3 LPRA Sec. 9671. Asimismo, la Sección 4.2 de la LPAU establece que la parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión dentro de treinta (30) días contados a partir de la fecha de archivo en autos de la notificación de la orden o resolución final. 3LPRA Sec. 9672. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. Empresas Ferrer v. A.R.Pe., 172 DPR 254, 264 (2007).

---

[3] La Regla 7(B)(5) de nuestro Reglamento reconoce nuestra facultad y discreción para "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos." 4 LPRA Ap. XXII-B, R. 7(B)(5).

En cuanto a la revisión de cualquier determinación administrativa, sabido es que los tribunales apelativos vienen llamados a otorgar amplia deferencia a estas. Ello, en atención a la experiencia y la pericia que se presume tienen las agencias administrativas para atender y resolver los asuntos que le han sido delegados. Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 126 (2019) y casos allí citados. De igual forma, es harto conocido que esta norma no es absoluta, toda vez que los tribunales no pueden imprimirle un sello de corrección so pretexto de deferencia a las determinaciones o interpretaciones administrativas irrazonables, ilegales o simplemente, contrarias a derecho. *Íd.*

El criterio rector para examinar una decisión administrativa es la razonabilidad de la actuación de la agencia recurrida. González Segarra et al. v. CFSE et al., 188 DPR 252, 276 (2013). Por tal razón, quien impugne judicialmente una determinación administrativa tiene el peso de la prueba para demostrar que esta no está basada en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. OEG v. Martínez Giraud, 210 DPR 79, 89 (2022).

Así pues, la revisión judicial estará limitada a evaluar si la agencia actuó de forma arbitraria, ilegal o irrazonable, de manera tal que sus actuaciones constituyeron un abuso de discreción. *Íd.* De esta forma, el ejercicio de la revisión se ciñe a determinar: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo, y (3) si las conclusiones de derecho fueron las correctas. Hasta tanto no se demuestre que la presunción de legalidad fue superada o invalidada, el respeto hacia la decisión administrativa debe sostenerse. *Íd.*[4]

En lo referente a la revisión judicial de las determinaciones de hechos dictaminadas por una agencia administrativa, es importante recordar que

---

[4] Ello se hará mediante evidencia suficiente. OEG v. Martínez Giraud, *supra*.

dicho ejercicio se circunscribe a evaluar si las mismas se basaron en evidencia sustancial considerando la totalidad del expediente administrativo. 3 LPRA, sec. 9675; Super Asphalt v. AFI y otro, 206 DPR 803, 820 (2021); Graciani Rodríguez v. Garage Isla Verde, *supra*. Evidencia sustancial es toda aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Íd.*, a la pág. 127.

En torno a las determinaciones de hecho, es menester señalar que estas serán revisables en todos sus aspectos. Así, aunque la doctrina opera en un marco de deferencia, esta cede si la agencia administrativa erró al aplicar la ley; actuó arbitraria, irrazonable o ilegalmente; o si lesionó derechos constitucionales fundamentales. OEG v. Martínez Giraud, *supra*.

III

Según arriba indicamos, el peticionario en su recurso nos pide que examinemos la decisión administrativa de la Junta de Directores de COSSEC contenida en su *Resolución* del 25 de septiembre de 2023, así como su negativa a reconsiderar de esta. También nos solicita que le ordenemos a la recurrida a llevar a cabo una investigación en cuanto al proceso para el saldo de préstamos de su fallecida compañera consensual y que impongamos las sanciones a quienes ocultaron la verdad de los hechos.

La *Resolución* emitida por COSSEC del 25 de septiembre de 2023, acogió el Informe del Oficial Examinador que atendió la querella. En dicho informe, tras detallarse los trámites procesales y exponerse el derecho aplicable, el Oficial Examinador dictamina lo que a continuación transcribimos:

> […]
>
> Luego de estudiado con detenimiento los argumentos de las partes, es forzoso concluir que la presente querella adolece de dos requisitos jurisdiccionales que privan de jurisdicción a este foro de atenderla en este momento. En primer lugar, es correcta la aseveración de que **de las propias alegaciones de la querella se desprende que la cuenta sobre la cual se reclama le pertenece en carácter privativo a la Sra. Miriam Montalvo Matos (QEPD), que al pleito no se trajo los herederos forzosos de esta, ni se presentó**

**prueba admisible que confiera autoridad representativa al querellante**. Se desprende, además, que la cooperativa impartió instrucciones de cómo completar el proceso para el cierre de una cuenta de un socio fallecido.

Existen planteamientos jurisdiccionales de peso que impiden la intervención de COSSEC en este caso, a saber: falta de parte indispensable y legitimación activa. Los remedios que se solicitan [inciden] directamente sobre los derechos de la sucesión de la Sra. Miriam Montalvo Matos quien no se hizo formar parte del caso. Además, de las alegaciones no controvertidas presentadas por la querellada se desprende que lo hechos que dan base a su reclamación pudiera tener una solución si se completa el trámite administrativo provisto por la cooperativa para el cierre de la cuenta.

[…] (Énfasis nuestro)

Según puede notarse de la porción arriba transcrita, COSSEC se declaró sin jurisdicción para atender la querella instada por el señor Rosado debido a que la cuenta sobre la cual este levantó sus reclamos le pertenecía a la Sra. Miriam Montalvo Matos, en carácter privativo, quien había fallecido y porque ante el fallecimiento de ésta, este no compareció con **prueba admisible** que demostrara la **autoridad legal** para así hacerlo.

Luego de considerar sus argumentos, así como la determinación impugnada, al amparo de la norma de autolimitación judicial arriba consignadas, concluimos que la decisión recurrida explicada en la porción transcrita merece nuestra deferencia y debe ser confirmada. Explicamos.

Según los propios documentos que el señor Rosado sometió indican, la señora Montalvos Matos era la única a cuyo nombre estaba la cuenta en COOPACA. Entiéndase pues, que esta era la única persona legalmente autorizada a firmar y tomar determinaciones con relación a dicha cuenta. Asimismo, tal cual el peticionario informa, la señora Montalvo Matos falleció.

Una vez una persona fallece, se abre en ese momento su sucesión. Esta, o sea la sucesión, es la transmisión de los derechos y de las obligaciones de quien falleció que no se extinguen por su muerte.[5] La

---

[5] Artículos 1546 y 1547 del Código Civil de Puerto Rico, 31 LPRA Secs. 10911 y 10912.

sucesión puede ser testamentaria, intestada o mixta.[6] La herencia, por su parte, comprende los derechos y las obligaciones transmisibles por causa de la muerte de una persona, así como las donaciones computables, y los derechos y obligaciones que le son inherentes después de abierta la sucesión.[7]

Cuando hay una sucesión intestada, las personas que tengan algún interés en la herencia podrán solicitar a los tribunales mediante el proceso establecido para ello que se declare el auto de declaración de herederos. Así lo establece en nuestro sistema legal el Código de Enjuiciamiento Civil. 32 LPRA Sec. 2301. Mediante esta declaración, el tribunal intenta garantizar la transmisión de los bienes relictos de las personas fallecidas a sus legítimos herederos, cuando no hay testamento válidamente otorgado.[8] Cabe señalar que conforme el Código Civil vigente, cuando el causante muere sin hacer testamento, la sucesión corresponde en primer lugar a los descendientes en línea recta y al cónyuge que le sobrevive.[9]

Conforme a los principios de derecho aquí expuestos, vemos que ante la muerte de la señora Montalvo quedó abierta su sucesión. Esto, consecuentemente exigía que se tramitara ante los tribunales el procedimiento de declaratoria de herederos concerniente de forma tal que el tribunal declare quienes son los herederos forzosos de esta. Así, estos podrán, mediante la documentación legal pertinente, demostrar ante COOPACA su autoridad legal para indagar sobre cualquier asunto relacionado con la cuenta que la señora Montalvo tenía en vida en la cooperativa y/o comparecer a cualquier foro pertinente en relación a lo mismo.

IV

---

[6] 31 LPRA Sec. 10913. Según expone el Código civil, la sucesión testamentaria es aquella en que la voluntad de quien fallece se recoge en un testamento, mientras que la intestada es aquella que establece la ley cuando así no se hizo. 31 LPRA Secs.10914-15.
[7] 31 LPRA Sec. 10917.
[8] Pueblo v. Flores Betancourt, 124 DPR 867, 879 (1989).
[9] 31 LPRA Sec. 11432

Por los fundamentos expuestos, confirmamos la *Resolución* del 25 de septiembre de 2023 emitida por COSSEC mediante la cual acogió el Informe del Oficial Examinador que atendió la querella Q22-283-013 y desestimó la misma.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones